IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK GRIMES | ) |
| | ) No. 10-vc-1051 |
| Plaintiff | ) |
| | ) Magistrate Judge Lisa Pupo Lenihan |
| VS | ) |
| | ) |
| CAPITAL ONE BANK (USA), N.A. | ) |
| | ) |
| Defendant | ) |

FIRST AMENDED COMPLAINT

1. Plaintiff, Mark Grimes, is an individual residing at 141 robinson street apt #46 Pittsburgh , PA 15213.

2 Defendant, CAPITAL ONE BANK, is a company with its principal place of business located at P.O. box 30281 Salt Lake City, UT 84130-0281.

3. Plaintiff disputed an alleged debt owed to defendant though the 3 credit bureaus.

4. Defendant responded by verifying alleged debt to credit bureaus.

5. Defendant did not properly investigate the complaint.

6. Plaintiff also disputed the debt though certified mail directly to the defendant.

7. Defendant did not investigate the dispute.

8. Defendant fails to report the debt as disputed to the credit bureaus in violation of FCRA section 623.

9. Plantiff HAD an account with defendant prior to 1994. Plantiff then received an offer of credit thought the mail in 2002 which plaintiff filled out and was later rejected by the defendant.

10. Defendant used the signature of the credit offer signed in 2002 to extend the 7 year period of reporting in violation of FCRA section 605(C)

11. Plaintiff was denied government housing program assistance based upon

defendant reporting my credit history inaccurately after being provided proof causing defamation, willful injury, and financial injury. Plaintiff needs to pay $200 more a month in rent because of being denied government assistance.

12. The defamation charge is supported by the facts that (a) the communication is defamatory in that it implies I don't pay my debts. (b) it was published by the credit bureaus. ( c) it applies to my credit rating. (d) the government housing program understood it to be a negative credit rating. (e) they understood it as if I don't pay my debts. (f) I was harmed by being refused the government program. (g) it was abuse of a conditionally privileged occasion in that the defendant could have used it for 7 years from 1994 to 2001 but recklessly disregarding the truth continued to use it past those 7 years.

13. Defendant was notified in December 2008 of a copyright notice (Exhibit A) with said notice stating the fee for unauthorized use of Plaintiffs copyright of $500,000 per use.

14. The copyright notice was a self-executing contract which the defendant entered into when they accepted said notice without refusing it within the 72 hours truth in lending clause, and then used said copyright.

15. Defendant has used Plaintiffs copyright a total of 57 times (reporting it to the 3 Credit bureaus) for a fee of $28,500,000 which Defendant has not paid.

WHEREFORE, Plaintiff demands judgement in favor of Plaintiff and against Defendant for the sum of $28,520,000 and requests this Court award Plaintiff attorneys fees and costs to the extent permitted by law.

X _(signature)_
MARK GRESMEU
plainTief Pro Su